**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ROMALA STONE, INC.,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

CIVIL ACTION NO.
1:04-CV-02307-RWS

## **ORDER**

This case is before the Court on Plaintiff's Motion to Compel and for Sanctions [189] and Defendant's Motion to Enforce Subpoena and to Compel Production of Documents Relating to Consulting Engagement [206]. After considering the entire record, the Court enters the following Order.

## **I. Background**

In this case, Plaintiff Romala Stone ("Romala") has asserted claims for patent infringement and breach of contract against Defendant Home Depot.[1] Specifically, Romala has alleged that Home Depot breached its Exclusive Sales Agreement with Romala, which required Home Depot to "promote and market

---

[1] The sole remaining claim at this point in the litigation is for breach of contract.

[Romala's product] in good faith," when it decided to remove Romala's product from its stores without abiding by the termination provision of the Exclusive Sales Agreement. (See Amended and Restated Compl., Dkt. No. [38].) Plaintiff alleges that Home Depot subsequently replaced Romala's product with its own Pegasus brand countertop product.

### A. Motion to Compel and for Sanctions

Presently before the Court is Plaintiff's Motion to Compel and for Sanctions [189], in which Plaintiffs allege that Home Depot's document production is incomplete. Plaintiff contends that Home Depot is withholding responsive documents and has failed to meet its obligation to preserve responsive documents. Accordingly, Plaintiff requests that the Court compel Defendant to produce the responsive documents that it is withholding and to sanction Home Depot for its discovery violations.

Specifically, Romala submitted Document Requests for evidence relevant to the calculation of damages, including the following:

> Request for Production No. 6:
> From January 1, 1999 to the present, all documents relating to financial reports and financial statements reflecting sales of Home Depot's granite top products including without limitation any statements or reports that Home Depot has issued to, or filed with, financial

2

institutions, investors, financial analysts or government agencies.

Request for Production No. 7:
All monthly and quarterly billing statements, income statements, balance sheets, cash flow statements, financial records, accounting statements, and invoices reflecting sales of Home Depot's granite top products from January 1, 1999, to the present.

Request for Production No. 8:
All documents from January 1, 1999, to the present relating to the gross sales, net profit, gross profit, operating costs, fixed cost, or variable cost attributable to Home Depot's granite top products

Request for Production No. 9:
From January 1, 1999 to the present, all documents relating to the sale of Home Depot's granite top products, including documents sufficient to identify (a) the date(s) of each sale of such products, (b) the quantities sold, (c) the sale price, (d) the customer(s), (e) the location of each sale, and (f) for each the category of packaging used by Home Depot.

Request for Production No. 12:
From January 1, 1999 to the present, all documents relating to any projected profits, projected costs, and projected sales for Home Depot's granite top products.

Request for Production No. 22:
From January 1, 1999 to the present, documents sufficient to show the following for Home Depot's granite top products: (a) Home Depot's product sales summary, in units and dollars for each calendar quarter; and (b) Home Depot's corresponding profits per sale summaries.

3

Request for Production No. 28:
: For each type of Home Depot granite top product, documents sufficient to show on a monthly, quarterly, and yearly basis, from January 1, 1999 to the present, the number of units (1) produced or manufactured by Home Depot or on Home Depot's behalf, including the location of production or manufacture, (2) sold by Home Depot, and (3) shipped by Home Depot or on Home Depot's behalf, including the shipping destination.

Request for Production No. 31:
: All documents from January 1, 1999 to the present, relating to any sales reports relating to sales of granite top products, including without limitation sales by region or sales by product

Request for Production No. 46:
: With respect to Home Depot's granite top products, all documents and tangible things relating to (a) the unit and dollar volume of sales, (b) gross revenue, (c) manufacturing cost, (d) cost of goods sold, including without limitation commissions, (e) gross profit and/or any other measures of profit, (f) general and administrative expenses, (g) net profit before taxes, (i) interest paid, (j) depreciation and/or amortization, (k) salaries, and/or (l) payments to Home Depot.

Request for Production No. 47:
: All documents relating to any agreement between Home Depot and any manufacturer relating to Home Depot's granite top products.

Request for Production No. 49:
: All documents relating to any agreements between Home Depot and any supplier relating to Home Depot's granite top products.

4

> Request for Production No. 51:
> All financial, marketing and sales documents relating to
> Home Depot or third party products that are sold in
> conjunction with Home Depot's granite top products.
>
> Request for Production No. 53:
> From January 1, 1999 to present, all documents relating to
> the expenses associated with research and development of
> Home Depot's granite top products.
>
> Request for Production No. 55:
> All documents relating to the design and development of
> Home Depot's granite top products, including without
> limitation any assessment of potential changes in design.

(See Pl.'s Memorandum in Sup. of its Mot. to Compel and for Sanctions, Dkt. No. [191] at 3-5.)

Home Depot served its written objections and responses on August 29, 2005. In response to all of the above identified requests, after stating its objections, Home Depot communicated that it would produce "non-objectionable, non-privileged documents in its possession, custody or control that are responsive." (See Responses of Defendant Home Depot U.S.A., Inc. to Plaintiff's First Request For Production of Documents and Things, Dkt. No. [191] Ex. B.) Defendant served responsive documents on September 30, 2005, February 10, 2006, and February 18, 2006. Discovery closed on February 13,

5

2006, and reopened on or about October 9, 2007. After exhausting the meet-and-confer process, Plaintiff filed the current Motion to Compel.

## II. Discussion

Plaintiff claims that Home Depot has failed to fully produce documents in response to Romala's Requests for Production of Documents, and urges the Court to conclude that Romala is entitled to (i) an order compelling complete document production; (ii) an order precluding Home Depot from relying on certain testimony at trial, pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(ii); and (iii) an award of the reasonable expenses Romala incurred in obtaining an order granting its Motion pursuant to Federal Rule of Civil Procedure 37(d).

Home Depot, on the other hand, claims that it has produced all non-privileged documents that are relevant to the claim and defenses in the action. Defendant claims that it produced all documents relating to sales of the Pegasus product or other granite vanity tops that it was able to locate after a reasonable search, at a time when those documents might have been relevant to Romala's infringement claim early in the litigation, when the claims at issue were broader than they are now. Home Depot asserts that it is not witholding any non-

6

privileged documents and that the documents that Romala's present Motion seeks to compel are not relevant to the sole remaining breach of contract claim.

After considering the arguments and evidence on both sides of the issue, the Court concludes that Romala's Motion is due to be denied. Romala has failed to establish that Home Depot is withholding any unprivileged documents that are relevant to the remaining claim at issue in this case. Home Depot has acted reasonably and in good faith in producing all discoverable documents to Romala, and therefore grounds do not exist for an order to compel production or the imposition of sanctions.

**B. Motion to Enforce Subpoena and to Compel Production of Documents Relating to Consulting Engagement**

Defendant Home Depot has moved the Court to enforce the subpoena issued by Home Depot to non-party Navigant Consulting, Inc. ("Navigant") and to compel Navigant and Plaintiff to produce all documents responsive to the subpoena and to various requests for production, and to compel Navigant to submit to further questioning by Home Depot regarding these documents. See Dkt. No. [206].

On January 3, 2008, Romala served a Rule 26 expert report signed by Stanley Murphy from Navigant Consulting, setting forth Navigant's opinions regarding the amount of damages suffered by Romala arising from an alleged breach of contract by Home Depot. Shortly thereafter, Home Depot served a subpoena on Navigant, requesting all documents reviewd by or provided to Navigant in connection with this action. The documents produced by Navigant in response to that subpoena evidenced that, several months prior to being engaged by Romala in an "expert" capacity, Navigant had been hired by Romala in a "consulting" capacity. However, at the direction of Romala, Navigant refuses to produce any documents relating to its prior consulting engagement related to this action.

Home Depot contends that the documents that were produced by Navigant, as well as the deposition of Mr. Murphy, plainly show that Navigant's prior consulting engagement was directed to the very same damages issues for which Navigant was later retained as an expert witness and for which Navigant prepared a Rule 26 expert report. Defendant further argues that Romala has instructed Navigant to withhold production of any documents relating to its earlier consulting engagement. Romala claims that the withheld

8

documents are privileged and were not considered by Mr. Murphy in connection with the expert report that he submitted.

Based on the record, the Court concludes that the requested documents and information are within the scope of relevant discovery. See Fed. R. Civ. P. 26(b)(2)(B). It is well established that when an expert was previously retained as a consultant, the materials reviewed during the consulting period are discoverable if they relate to the same subject on which the expert ultimately delivers an opinion. See, e.g., Wilson v. Wilkinson, No. 2:04-cv-00918, 2006 U.S. Dist. LEXIS 32113 at *10 (S.D. Ohio, May 19, 2006) (ordering production of documents generated by an individual originally retained as consultant and subsequently a testifying expert because "it is impossible to clearly delineate [the expert's] service as a consultant from his service as an expert witness"); Stephens v. Trust for Pub. Land, 475 F.Supp.2d 1299, 1306 (N.D. Ga. 2007) (rejecting plaintiff's argument that documents were privileged because expert was operating as consultant, and not in his capacity as an expert witness, where the documents arguably related to the subject of his proffered opinion); Schwab v. Philip Morris U.S.A., Inc., No. 04-cv-1945, 2006 U.S. Dist. LEXIS 11047 at *11-12 (E.D.N.Y. Mar. 20, 2006) (holding materials withheld on basis of

9

consulting versus expert designation discoverable because there was no indication that documents were unrelated to subject of expert testimony and opinion); B.C.F. Oil Ref. v. Consolidated Edison Co., 171 F.R.D. 57 (S.D.N.Y. 1997) (holding that documents having no relation to the expert's role as an expert witness need not be produced by that any ambiguity as to the expert's role when reviewing or generating documents should be resolved in favor of the party seeking discovery).

There must be a clear line of demarcation between the roles of expert consultant and testifying expert in order to justify refusal to produce documents. See B.C.F. Oil, 171 F.R.D. at 61 (stating that "[t]hough it is theoretically possible to distinguish between an expert testifying and consulting, in practice, the delineation between those roles . . . become[s] blurred when an expert review[s] documents in his role as an expert that he previously had reviewed in his role as consultant). Plaintiffs have failed to show that there was any such demarcation here with respect to the retention of Navigant by Romala in this action. The record makes it clear that Navigant's consulting services provided to Romala in the summer of 2007 are directly related to the same issues for which Romala retained Navigant as an "expert" in October of 2007. The record

10

also shows that many, if not all, of the same Navigant employees were performing financial and economic analysis of alleged damages both before and after Romala's retention of Navigant in October of 2007. Romala's testifying expert witness, Mr. Stan Murphy, was actually the Managing Director [at Navigant] overseeing the consulting engagement. Mr. Steven Snyder, a Director at Navigant, performed the work during the consulting engagement under Mr. Murphy's oversight. Accordingly, there is no demarcation between the consulting role and expert role justifying the withholding of documents.

Furthermore, Romala "bears the burden of showing that an expert did not consider certain documents in forming his opinion; this burden cannot generally be satisfied by the expert's representation alone." Schwab, 2006 U.S. Dist. LEXIS 11047 at *12; see also B.C.F. Oil. Ref., 171 F.R.D. at 62. Romala has failed to offer any distinction between Navigant's consulting role and its expert opinion work. However, the documents clearly indicate that there is a connection between Navigant's consulting work and expert opinion work.

Finally, "any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery." B.C.F. Oil, 171, F.R.D. at 61. Accordingly, documents

11

relating to Navigant's retention by Romala during the summer of 2007 are subject to discovery, and Defendant's Motion to Compel is due to be **GRANTED**.

## III. Conclusion

For the reasons stated herein, Plaintiff's Motion to Compel and for Sanctions [194] is hereby **DENIED**. Defendant's Motion to Enforce Subpoena and to Compel Production of Documents Relating to Consulting Engagement [206]is hereby **GRANTED**.

**SO ORDERED**, this 19th day of September, 2008.

 *Richard W. Story*
 RICHARD W. STORY
 UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)