**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ROMALA STONE, INC.,

    Plaintiff,

v.

THE HOME DEPOT U.S.A., INC.,

    Defendant.

CIVIL ACTION NO.
1:-04-CV-2307-RWS

## **ORDER**

This case is before the Court on Plaintiff Romala Stone's Motion for Reconsideration [Dkt. No. 257]. After reviewing the entire record, the Court enters the following Order.

## **I. Background**

This case arises out of a contract dispute between Romala Stone, Inc. (hereinafter "Romala") and The Home Depot U.S.A., Inc. (hereinafter "Home Depot"). In an Exclusive Sales Agreement (hereinafter "ESA") between the parties, Romala agreed to grant Home Depot the exclusive right to sell its products in the contractor and consumer retail markets nationwide. The parties dispute whether Home Depot breached the ESA by failing to comply with its

obligations to market and sell Romala's products in Home Depot's retail stores.[1] Home Depot moved for Summary Judgment, contending that it did not breach the ESA. Romala filed a Cross-Motion for Summary Judgment contending that Home Depot breached the ESA by failing to promote and market the products in good faith.

Plaintiff brought claims for patent infringement, unfair competition, breach of contract, trade secret misappropriation, and attorney's fees pursuant to O.C.G.A. § 13-6-11. On April 27, 2005, the Court granted Home Depot's Motion to Dismiss and Entered an Order dismissing several of the claims. On September 28, 2007, the Court granted Home Depot's Motion for Partial Summary Judgment and declared the asserted patent invalid. [Dkt. No. 160]. The sole count of the Amended Complaint remaining was for breach of contract. On March 30, 2009, the Court issued an Order granting, in part, and denying, in part, Home Depot's Motion for Summary Judgment. [Dkt. No. 255].

In its Order of March 30, 2009, the Court concluded that after "Home

---

[1] For a full recount of the facts as alleged in this case, please refer to the Court's Order of March 30, 2009, [Dkt. No. 255] at 1-5.

2

Depot voiced concerns to Romala about Home Depot's warehousing Romala's products and breakage," Romala "proposed a national rollout of its products in Home Depot stores across the country, which Home Depot declined." Id. at 4. The Court further found that "the ESA imposes no affirmative obligation on the part of Home Depot to purchase anything from Romala[.]" Id. at 12. The Court concluded as a matter of law that "the ESA fails for both a lack of mutuality and for indefiniteness as it relates to Home Depot's obligation to continue buying products from Romala" and that "the ESA is unenforceable as to any unperformed portions of the agreement." Id. at 20. Finally, the Court concluded that there was insufficient evidence to decide as a matter of law "Romala's claim for Home depot's failure to promote and market in good faith those products actually ordered by Home Depot." Id. Thus, the only portion of Romala's original breach of contract claim that survived under the Court's Order covers (1) products identified on Exhibit A to the ESA that Home Depot actually ordered and (2) products for which Home depot did not pay Romala. Romala now moves the Court to reconsider its Order of March 30, 2009.

## II. Analysis

A motion for reconsideration should not be used to reiterate arguments

that have been made previously, but "should be reserved for certain limited situations." Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc., 972 F. Supp. 665, 674 (N.D. Ga. 1997) (citing Preserve Endangered Areas of Cobb's History v. U. S. Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd , 87 F.3d 1242 (11th Cir. 1996)). Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). Given the narrow scope of motions for reconsideration, they may not be used in a variety of circumstances. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

A motion for reconsideration may not be used to offer new legal theories or evidence that could have been presented in a previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation. Escareno v. Noltina Crucible & Refractory Corp., 172 F.R.D. 517, 519 (N.D. Ga. 1994) (citing O'Neal v. Kennamer, 958 F.2d 1044, 1047

4

(11th Cir. 1992)). Similarly, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Bryan, 246 F. Supp. 2d at 1259. Finally, parties cannot use a motion for reconsideration as an opportunity to show the court how it could have done better. Id.

Defendant has failed to make a showing that the reconsideration of the Court's Order would be appropriate. In its motion, Romala has not argued that there has been an intervening change in controlling law since the issuance of the Court's Order. Romala has not argued that new evidence has been discovered which requires reconsideration of the Court's Order. Furthermore, Romala has not set forth any argument supporting a conclusion that the Court's Order is founded on clear error or that reconsideration is required to "prevent manifest injustice."

Instead, Romala merely attacks the Court's reasoning with respect to the indefiniteness and lack of mutuality of the ESA terms. Romala's Motion represents a mere rehashing of old arguments over the terms of the ESA and arguments as to why certain applicable authority should not have been relied upon by the Court. This is precisely the sort of "repackag[ing of] familiar

5

arguments to test whether the Court will change its mind" that courts have held is not a valid ground for seeking reconsideration. Brogdon, 103 F. Supp. 2d at 1338; see also Worsham, 249 F. Supp. 2d at 1338 ("A motion for reconsideration should not be used to reiterate arguments that have been made previously[.]"). Romala has failed to show any grounds under the applicable legal standards for the Court to reconsider its Order, and, accordingly, Romala's Motion for Reconsideration [Dkt. No. 257] is **DENIED**.

### III. Conclusion

For the reasons stated herein, Plaintiff Romala Stone's Motion for Reconsideration [Dkt. No. 257] is hereby **DENIED**.

**SO ORDERED**, this  18th  day of May, 2009.

_____
**RICHARD W. STORY**
United States District Judge

6